### MOYER v. METAL STAMPING CO.

(Circuit Court of Appeals, Second Circuit.    April 4, 1910.)

No. 198.

PATENTS (§ 328*)—ANTICIPATION AND INFRINGEMENT—THILL COUPLING.

Evidence *held* insufficient to establish beyond reasonable doubt anticipation of the Moyer patent, No. 591,561, for a thill coupling, by prior public use of the device by another, and such patent *held* valid and infringed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by Harvey A. Moyer against the Metal Stamping Company. Decree for defendant (169 Fed. 825), and complainant appeals. Reversed.

Howard P. Denison, for appellant.

William A. Megrath (Samuel G. Metcalf, of counsel), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. We concur with the Circuit Judge that complainant's thill coupling is a valid improvement on those shown in the prior patents, and that defendant's structure, although structurally slightly different, is operated in substantially the same way, produces a like result and is an infringement of the first claim.

We are unable to concur in the conclusion that a prior use has been established. The testimony as to the so-called Winans thill coupling relied on as an anticipation is not merely conflicting. It is of such a character as to induce the conviction that on one side or the other there has been perjury and falsification. If we had seen the witnesses and heard their testimony, we might in all probability have been convinced as to which was the true story of the piece of metal, the identity of which has been so hotly contested. But from merely studying the printed record of the testimony the only conclusion we have been able to reach is that we are not "satisfied beyond a reasonable doubt" that the alleged anticipating device was perfected and in use prior to the date of application for the patent. Inasmuch as the burden of thus satisfying the court rests upon the defendant, the defense of prior use

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is not made out by proof such as the decisions call for, and the patent must be held to be valid and infringed.

Decree reversed, with costs, and cause remanded, with instructions to decree in conformity with this opinion.